HUGHART *v.* ESTATE OF HAMILL.

APPEAL from the District Court of San Juan.

No. 363.—Decided May 21, 1909.

SURETY—PAYMENT OF A DEBT.—It appearing from the testimony of the plaintiff, not contradicted by the defendant, that the former signed with the latter an obligation as surety for him, the joint obligation contracted with the creditor should not be taken into account, but application must be made of section 1739 of the Civil Code, which provides that ''a surety who pays for a debtor shall be indemnified by the latter.''

TESTIMONY OF THE PLAINTIFF.—In accordance with section 38 of the Law of Evidence no objections can be raised to a plaintiff testifying in his own case.

The facts are stated in the opinion.

*Messrs. E. S. Paine and Frank Antonsanti* for appellant.

*Mr. Juan Guzmán Benítez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This is an appeal from Section One of the District Court of San Juan, taken by the plaintiff herein.

T. Hamill, H. B. Hodges and J. M. Hughart, signed on November 21, 1907, a joint obligation in favor of the American Colonial Bank, for the sum of $750, which said bank delivered, the obligors engaging to reimburse said sum with the interest thereon at 10 per cent per annum, at the expiration of six months—that is to say, on May 21, 1908.

On the day the obligation fell due, J. M. Hughart paid the full amount of the indebtedness, and now, by means of an action, claims from the Estate of T. Hamill the entire sum of $750 with interest and costs, alleging that Hamill, on November 21, 1907, had requested him to become his surety with said bank for the amount of the promissory note which forms part

of the record, and to which reference has been made, adding that Hamill had engaged to pay, on maturity, the amount of the indebtedness, which engagement he had failed to fulfill.

The defendant estate answered the complaint, denying that the plaintiff was surety for Hammill in this transaction. but that both, together with H. B. Hodges, had secured the loan from the bank for the three, constituting therefor a joint obligation, and that the plaintiff was entitled to recover from the Estate of Hamill only one-third of the amount of the document.

The hearing having been had, the only evidence submitted was the promissory note and the testimony of the plaintiff, J. M. Hughart, who testified that "on the 21st of November, 1907, Mr. Hamill, whom he knew intimately, had asked him as a favor to become his surety for the sum of $750, and to indorse a promissory note for said sum to the order of the Colonial Bank; that Hamill had told him that he needed the money to settle some business with Mr. Hodges; that the witness had no business of any kind with either Hamill or Hodges, nor had he received one cent of the sum represented by the promissory note, and that he had signed only because his friend, Hamill, had asked him to do so, the latter assuring him that he would answer for the amount upon maturity of the document, and that in case Hughart had to pay anything to the bank, said Hamill would reimburse him the sum paid; that on May 21, 1908, when the obligation fell due, he was called upon by the Colonial Bank to pay the $750, since neither Hamill nor any other person had satisfied the same, and that as both Hamill and Hodges were at that time absent from Porto Rico, he, Hughart, paid the $750 to the bank, receiving from the latter the canceled note.

The Judge of the District Court, Section One of San Juan, on November 18, 1908, rendered judgment condemning the Estate of Hamill to pay the plaintiff, Hughart, one-third of the promissory note—that is, the sum of $250—with interest

thereon at 10 per cent per annum, from May 21, 1908, each party to pay the costs incurred by him.

In deciding the case the judge bases his opinion on section 1112 of the Revised Civil Code, which reads:

"The payment made by any of the joint debtors extinguishes the obligation.

"The person who made the payment can only claim from his credit- ors the shares pertaining to each one with interest on the amount advanced.

"The nonfulfillment of the obligation by reason of the insolvency of a joint debtor shall be made good by his creditors in proportion to the debt of each of them."

From this judgment the plaintiff, Hughart, took an appeal and has come here with a statement of the case duly approved by the trial judge, containing the testimony of the plaintiff, which has already been inserted in full, and the promissory note giving rise to the present litigation.

The parties filed their briefs and their counsel, at the hearing, orally argued in support of the points respectively made by them, which had already been set forth in the com- plaint and answer thereto.

We believe that in considering and deciding this case, the trial judge has started from a mistaken supposition which has induced him into error.

It is supposed that the plaintiff, Hughart, who, as joint debtor, paid the bank, now claims from the creditor Estate of Hamill, which is likewise a joint debtor, the full amount of the indebtedness, whereas, the joint debtors appearing on the bond being three, only one-third of the sum paid by Hughart to the bank can be recovered from the Estate of Hamill. This is not so.

No account whatsoever should be taken here of the nature of the obligation contracted with the Colonial Bank. We know already that it is a joint obligation.

The ground of the complaint herein is that Hughart was surety for Hamill, and this allegation is borne out by the testimony of the plaintiff, Hughart, himself, which refers to an agreement entered into between the latter and Hamill whereby Hughart would become surety for Hamill, who would pay the bank at the expiration of the term or reimburse Hughart should the latter be obliged to pay the bank the amount of the debt.

Nothing could prevent Hughart, who is the plaintiff, from testifying in his own case, inasmuch as section 38 of the law of Evidence provides that "neither parties nor other persons who have an interest in the event of an action shall be excluded as witness."

Hughart availed himself of this right and counsel for the defendant estate entered no objection to any part of this testimony, and we have now no reason to doubt that matters occured as stated by Hughart, and much less to assert that his statements were false.

The question, then, is that of a surety who paid for the guaranteed debtor the amount of the debt and now calls upon the latter to make good the sum thus satisfied by him.

Section 1739 of the Civil Code providing that "a surety who pays for a debtor shall be indemnified by the latter," etc., is applicable to this case; as also section 1740, which reads:

"By virtue of such payment the surety is subrogated in all the rights which the creditor had against the debtor."

For these reasons we are of the opinion that the judgment appealed from should be reversed and the Estate of Hamill adjudged to pay the plaintiff Hughart this sum of $750, with the interest thereon at 10 per cent per annum, from May 21, 1908.

*Reversed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice del Toro did not take part in the decision of this case.